### GETZ v. SUPREME COUNCIL AMERICAN LEGION OF HONOR.

(Circuit Court, E. D. Pennsylvania. June 3, 1901.)

#### No. 17.

LIFE INSURANCE—MUTUAL BENEFIT ASSOCIATION—ATTEMPTED REDUCTION OF AMOUNT OF POLICY.

In an action on a life insurance certificate for $5,000 issued by a mutual benefit order, of which the insured had been a member for 12 years before his death, the only matter of defense stated in the affidavit of defense was that at a session of defendant, the supreme council of the order, held shortly before the death of the insured, a by-law was adopted providing that $2,000 should be the highest amount paid on the death of any member on any benefit certificate theretofore or thereafter issued, and the affidavit alleged that "the deceased was represented, through his accredited representative and agents," at such session, "and assented, through such representatives, his agents," to the adoption of such by-law. *Held*, that such affidavit was fatally defective, if intended to aver that deceased had actually agreed to be bound by the by-law, and that without such averment it stated no defense, because it was not competent for defendant alone to substitute for its agreement to pay $5,000 one to pay $2,000 only.

Action at law on a life insurance certificate. On motion for judgment for want of sufficient affidavit of defense.

J. M. Vanderslice, for plaintiff.

Murdoch Kendrick and Alfred J. Carr, for defendant.

DALLAS, Circuit Judge. The statement of plaintiff's demand is as follows:

"The plaintiff, Clara L. Getz, a citizen of the state of Pennsylvania, claims of the defendant, the Supreme Council of the American Legion of Honor, a corporation incorporated under the laws of Massachusetts, the sum of five thousand ($5,000) dollars, with interest thereon from the 7th day of March, 1901, upon the cause of action whereof the following is a statement:

"The husband of the plaintiff, Peter C. Getz, by name, made proper application, and, having passed the required medical examination, was elected a member of Welcome Council, No. 1,062, of the American Legion of Honor, the said council being located in Philadelphia; and in consequence of said membership in the said order he received from the defendant corporation a benefit certificate, the language of which the following is a copy:

" 'Benefit Certificate Issued by

" 'No. 118,983. Supreme Council American Legion of Honor. $5,000.

" 'This is to certify that Peter C. Getz is a companion of the American, Legion of Honor, said companion having made application for a six-degree membership to Welcome Council, No. 1,062, American Legion of Honor, instituted and located in Philadelphia, in the state of Penna., and passed the requisite medical examination, and been duly initiated in said council; and this certificate is issued to said companion as an evidence of the facts in it contained, and as a statement of the contract existing between said companion, and the Supreme Council of the American Legion of Honor. In consideration of the full compliance with all the by-laws of the supreme council of the American Legion of Honor now existing or hereafter adopted, and the conditions herein contained, the Supreme Council of the American Legion of Honor hereby agrees to pay Clara L. Getz, wife, five thousand dollars, upon satisfactory proof of the death, while in good standing upon the books of the Supreme Council of the American Legion of Honor, of the companion herein named, and a full receipt and surrender of this certificate, subject, however, to the conditions, restrictions, and limitations following: First. That all statements made by the companion in the application for membership, and all answers to the questions contained in the medical examination, are in all respects true, and shall be deemed and taken to be express warrantees. Second. That said companion shall have paid all assessments called to the benefit fund within the time and in the manner required by the by-laws of the supreme council in force at the time of the issuance of this certificate, or as the same may be hereafter amended. Third. That all moneys which the Supreme Council of the American Legion of Honor may advance against this certificate by way of a relief benefit to the companion herein named for sick or disability benefits under existing or hereafter enacted by law or regulations may be deducted at the death of the companion from the amount payable to the beneficiary named herein. Fourth. That the amount designated by said companion in his application for membership, and stated herein, as a funeral benefit, may be deducted at the death of the companion from the amount payable to the beneficiary named herein. Fifth. That this benefit certificate is issued by the supreme council, and accepted by the companion herein named, for himself and his beneficiary, upon the express condition and agreement that in case of any false or fraudulent statement or misrepresentation, or violation of any of the covenants herein contained, the same shall be void.

" 'In witness whereof, the Supreme Council of the American Legion of Honor has hereunto affixed its corporate seal, and caused this certificate to be signed by its supreme commander, and attested by the supreme secretary, at Boston, Massachusetts, this 7th day of April, A. D. 1888.

" '[Signed]  .  Enoch S. Brown, Supreme Commander.

" 'Attest:

" '[Signed] Adam Warnock, Supreme Secretary.

" '[Supreme Council American Legion of Honor. Seal.] Not assignable or subject to pledge.'

"Upon the back of said certificate are fifty blanks, of which the following is a copy:

" 'Relief Benefit Fund.

" 'Received of the Supreme Council American Legion of Honor ——— dollars, being for ——— weeks' relief benefit; said amount to be deducted from the benefit herein payable in case of my death.

" 'Dated ———, A. D. 18—.
" '———, Commander.
" '———, Vice Commander.
" '———, Secretary.'

"There is also on the back of said certificate the following:

" 'Undersigned beneficiary named in the within certificate hereby acknowledges having received the amount herein agreed to be paid, and this certifi-

cate is hereby surrendered to the Supreme Council American Legion of Honor for cancellation.

" 'Dated ———, A. D. 18—.
" 'Attest signatures:
" '———, Commander.                              ———.
" '———, Treasurer.                              ———;
" '———, Secretary.                              ———,'

"The said Peter C. Getz, having remained a member in good standing in the said order, and having promptly paid all assessments and dues required of him from the said 7th day of April, 1888, died on the 15th day of November, 1900, at Philadelphia, Pennsylvania; and the plaintiff, Clara L. Getz, widow of the said Peter C. Getz, and the beneficiary named in the said benefit certificate, having made proof of the death of her husband as required by the by-laws of the defendant corporation, demanded from it the payment of the sum of five thousand ($5,000) dollars as stipulated in said benefit certificate; but the defendant corporation has refused and still refuses. to pay the plaintiff the amount due her under the terms of the said certificate, and the whole amount thereof is still due, owing, and payable to the plaintiff, wherefore she brings this suit.

"[Signed]                    J. M. Vanderslice, Attorney for Plaintiff.

"City and County of Philadelphia—ss.: Clara L. Getz, the above-named plaintiff, being duly sworn according to law, deposes and says that the facts set forth in the foregoing statement of her demand are true.

"[Signed]                                      Clara L. Getz.

"Sworn and subscribed to before me this 2nd day of April, 1901.
"[Seal.]                    Harry L. Stoddart, Notary Public."

The defense is founded upon the facts, set up in the affidavit of defense, that:

"At the fourteenth regular session of the defendant, held at Atlantic City in the month of August, 1900, the defendant duly, regularly, and legally adopted an amendment to its by-laws, to be thereafter known and designated as 'By-Law 55, Laws American Legion of Honor 1900.' This by-law reads as follows: 'Two thousand dollars shall be the highest amount paid by the order, on the death of a member, upon any benefit certificate heretofore or hereafter issued. This sum shall be paid on the death of every member holding a benefit certificate of two thousand dollars or over, and one thousand dollars on the death of every member holding a benefit certificate of that amount. and five hundred dollars on the death of every member holding a benefit certificate of that amount: provided, that if at the death of said member one full assessment each upon the members of the order will not amount to the full sum of two thousand dollars, then the amount to be paid to the beneficiaries of said deceased member shall not exceed the amount collected by said assessment, if said member's benefit certificate is for two. thousand dollars, one half of the amount if the benefit certificate is for one thousand dollars, and one quarter of the amount if the benefit certificate is for five hundred dollars: and provided, that the face value of the benefit certificate shall be paid so long as the emergency fund of the order has not been exhausted: and provided, that the said member at the time of death be a member of the order in good standing, and shall have complied with all laws, rules, and regulations of the order, as they now are, or as they may hereafter from time to time be altered or amended.' "

The affidavit also alleges that:

"The deceased was represented, through his accredited representative and agents, at the fourteenth regular session of the defendant, held at Atlantic City, New Jersey, in August, 1900, and assented, through said representatives, his agents, to the adoption of by-law 55."

This allegation is fatally defective. If it had been intended to aver (defendant's brief indicates that it was not) that the deceased

had, through a duly-authorized agent, actually agreed to be bound by by-law 55, the facts upon which the existence of such authority and agreement would, as matter of law, depend, should have been specifically set forth. To say that he assented through his accredited representative and agents is but to vaguely state conclusions, which the court, by being informed of the facts, should itself have been enabled to accept or reject. Exhibit A, which is referred to, throws no light upon this point. The affidavit admits that Peter C. Getz paid all assessments up to the time of his death, and, this being so, I am clearly of the opinion that it was not competent for the defendant alone to substitute for its agreement to pay $5,000 a liability for $2,000 only, and this is precisely what it seeks to do. It appears, however, that the claim of the plaintiff is subject to a deduction of $40 for benefits paid to Mr. Getz, and this credit must, of course, be allowed; but the suggestion of the affidavit as to the action having been prematurely instituted was waived upon the argument, and therefore may be disregarded. The plaintiff's rule is made absolute, and judgment thereon will be entered in her favor upon an assessment to be prepared in accordance with this opinion.